John J. and Anne F. Sweeney v. Commissioner.
Sweeney v. Commissioner
Docket No. 6585-70 SC
United States Tax Court
T.C. Memo 1972-19; 1972 Tax Ct. Memo LEXIS 237; 31 T.C.M. (CCH) 56; T.C.M. (RIA) 72019; January 25, 1972, Filed. *237 John J. Sweeney, Pro se, 8901 Rue Riviera, 3B, Indianapolis, Ind.Robert G. Martinell, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: Respondent determined a deficiency of $966.51 in petitioners' Federal income tax for the calendar year 1968. The issues for our decision relate to numerous itemized deductions claimed by petitioners on their 1968 tax return, all of which were disallowed. Respondent allowed in lieu of the itemized deductions claimed the standard deduction of $1,000. Petitioners had their legal residence in Indianapolis, Indiana, at the time their petition was filed with this Court. On the return they reported John's salary of $11,586.22 and claimed the following itemized deductions: Contributions
$ 415.00
Interest
1,501.00
Taxes
816.00
Casualty loss
250.00
Medical expenses 833.45
Total
$3,815.45
They also claimed $2,507.80 as employee business expenses for meals, lodging and automobile expenses as adjustment to income. This was broken down into $432.10 for meals and lodging and $2,075.70 for automobile expense, consisting of 15,000 miles at 10 cents and 7,220 miles at 7 cents, plus parking *238 fees and tolls. The schedule attached to the return, Form 2106, reflected on page 2 thereof that the automobile was held for 12 months of the year for business use and that the total mileage driven for the 12-month period was 25,000 miles; of this total annual mileage it was claimed that 22,210 miles were applicable to business. Petitioners had a large family consisting of themselves and seven children. Three of the children were in college and the other four were in school; the youngest child was 15 years old, and the oldest son, John, was 23. Petitioners claimed all the children, except John, as dependents. In 1968 petitioner John J. Sweeney, hereinafter sometimes referred to as petitioner, had a run of bad luck; he was hospitalized in April and when he returned to work in May of that year he was notified by the United States Government, his employer, that because of a reduction in force his job had been abolished. However, he was given severance pay and kept on the payroll until the end of September 1968. He traveled in the area during the summer months seeking another job. He finally was hired for another Government job away from Indianapolis the end of October of that year *239 and moved to Illinois in November. Later that same year he located another job in Indianapolis and moved back to Indiana the end of December. Petitioner gave some of his clothing and household goods and furnishings to the Salvation Army rather than move it all back to Indiana. Respondent's determination disallowing the itemized deductions and expenses claimed by petitioners for 1968 has the support of a presumption of correctness, and petitioners have the burden of proving it to be wrong. Welch v. Helvering, 290 U.S. 111 (1933); Rule 32, Tax Court Rules of Practice.
At the trial petitioner offered no evidence other than his own general and vague testimony to substantiate any of the deductions in question. It was clear from his testimony that many of the amounts he claimed were merely estimates, at best, and not very accurate ones at that. He produced no documents, canceled checks or receipts whatever, claiming that they had been kept in an attache case that was stolen from the car in Chicago. He produced a copy of the police report to substantiate his explanation and also his claimed casualty loss deduction of $250 for theft. This report showed a report to the Chicago *240 police by petitioner on November 1, 1968, of a theft from his car of 57 $45 worth of clothing and a $2 attache case, "with papers." We deem it inadequate for the purposes for which it was offered. In their petition, however, filed herein on October 14, 1970, two years later, the following facts were alleged to support the assignments of error: a. During the taxable year, petitioners home was repossessed by creditors and sold to satisfy notes, liens, etc., causing due [sic] hardship and expenses to petitioners and six (6) dependents. b. Petitioners have notes, bills, expendes, etc., to support any and all statements made here or under oath in any court. (Petitioners and family moved twice in December 1968) c. Petitioners have names, addresses and dates of all action steps by the under-signed to prove hardships to all members of my family and are not in any way trying to avoid paying taxes. Why petitioners would allege in 1970 that they "have notes, bills, expendes [sic], etc., to support any and all statements made here or under oath in any court.", if in fact all of their records were stolen from petitioners car two years before in 1968, is not explained. Certainly *241 in the intervening years petitioners could have made some effort to obtain proof to support their claimed deductions even if we were to give credit to their contention that their records were stolen in 1968. As to the sizeable travel expense adjustment claimed as a business expense, petitioner produced no evidence to establish 12 months of business use of his car and again merely furnished his own vague and general testimony that he had to travel extensively to find a new job during the summer of 1968 after he was told his job in Indianapolis had been abolished. Admittedly, his wife, the petitioner Anne F. Sweeney, traveled with him during this period and her meals and lodging expenses were included in the amount claimed. Also many of the expenses were charged on oil company credit cards and the resulting bills were not paid in 1968. It is impossible even to attempt to estimate on this record what expenses were incurred and paid in 1968 for petitioner's travel looking for new employment even if we were to allow such claim. Another large deduction in question is with respect to interest on mortgage and real estate taxes, which together total $1,301 for 1968. The record reflects *242 that in fact petitioners were not the owners of the real property in question in 1968 but were making some kind of payments to remain in occupancy of the premises they had lived in for some time. Again petitioner admitted in his testimony that he claimed a tax deduction for real estate taxes based upon his own estimate of what other property owners in the neighborhood paid. He was neither billed for nor paid such taxes in 1968. Apparently the "mortgage interest" claimed was similarly estimated by petitioner even though there was no mortgage and petitioners did not own the home. No evidence as to the other interest or as to the medical expense deductions claimed was offered. While we are convinced that petitioners and their six dependents did have a rough time financially in 1968, and suffered monetary hardships, we cannot allow them to deduct personal living and family expenses. Section 262, 1954 Internal Revenue Code. Almost all of the deductions claimed have not been substantiated either as to amount, nature or payment. The record is totally deficient to permit us to allow petitioners the itemized deductions in issue. Certainly the evidence does not establish such items in excess *243 of $1,000, the amount of the standard deduction allowed by respondent. Accordingly, since petitioners have failed to carry their burden of proving the contested issues in their case, we must sustain the respondent's determination. Decision will be entered for the respondent.